## Case No. 9,905.

### In re MULDAUR et al.

[8 Ben. 65.] [1]

District Court, S. D. New York. April. 1875.

BANKRUPTCY — ASSIGNEE'S COMPENSATION—ATTORNEY.

1. An assignee in bankruptcy cannot be allowed anything, in addition to disbursements and the commissions provided for in section 5100 of the Revised Statutes of the United States, except for the services and at the rates set forth in general order, No. 30, adopted April 12, 1875.

2. Nothing can be allowed him as "a reasonable compensation for his services" under section 5099.

3. The fact that the assignee is an attorney at law makes no difference.

[In the matter of Emile H. Muldaur, William S. Hall, and Edward A. Coburn, bankrupts.]

In this case the register certified that the assignee, who was an attorney at law, had presented a claim against the estate and asked to be allowed to retain out of moneys in his hands, as a reasonable compensation for his services, under section 5,099 of the Revised Statutes of the United States, the sum

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

of $1,485 in addition to the percentage and disbursements allowed by law.

BLATCHFORD, District Judge. These bills are part of the accounts of the assignee. Under section 4998, subdivision 8, they are to be audited and passed by the register, in the first instance. Under the new general order No. 30, the assignee cannot be allowed anything, in addition to disbursements and the commissions provided for in section 5100, except for the services and at the rates set forth in such general order. Nothing can be allowed to him as "a reasonable compensation for his services," under section 5099. The discretion of the court to make such allowance is taken away by such general order. The fact that the assignee is an attorney at law makes no difference. Fees cannot be allowed to an attorney at law, under said general order, except where he is "necessarily employed by the assignee." Where the assignee is himself an attorney at law, he does not, as assignee, employ himself as an attorney at law. If he is a merchant, or banker, or engaged in any other occupation, or happens to be especially versed in any branch of business, his gifts or qualifications are incident to his personality, and he brings them all to the discharge of his duties as assignee. So, also, if he is an attorney at law. Moreover, where the assignee is an attorney at law, it is not, as a general thing, necessary for him to employ an attorney at law. These principles must be observed in auditing these accounts.

[This case was subsequently heard upon the matter of the claim of Charles S. Baum, expunged by the register. Case No. 9,906.]